**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

MOHAMMAD MEHDI KORDIYAN-NAMA,

    Petitioner,

    v.                                                                                      No. 2:26-cv-00408-SMD-DLM

MARKWAYNE MULLIN,[1] *et al.*,

    Respondents.

<u>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**</u>

**THIS MATTER** is before the Court on Petitioner's Pro Se Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241.  Doc. 1.  The Court has reviewed the parties' submissions, the record, and the relevant law, and for the reasons set forth below, the Petition is **GRANTED**.

**BACKGROUND**

Petitioner Mohammad Mehdi Kordiyan-Nama, a citizen of Iran, is currently in the custody of Immigration and Customs Enforcement ("ICE") at the Otero County Processing Center in Chapparal, New Mexico. Doc. 1 at 1.  Petitioner has no criminal history and does not pose a flight risk as he has extensive family ties in the United States.  Doc. 14 at 4.  Attached to his petition are the declarations of his sister, a United States citizen, and his brother-in-law.  Doc. 1 at 29–32.  Both attest to their ability to financially support Petitioner upon release.  *Id.*  Petitioner has been in Respondents' custody for over a year, since February 2, 2026.  *Id.* at 9.  Although Petitioner is subject to a final order of removal, Respondents do not provide any evidence suggesting that his removal is likely to occur in the near future nor that they have made any efforts to effectuate his removal.  *See* Doc. 6.

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), the case caption shall be updated to reflect that Markwayne Mullin is the Secretary of Homeland Security.  All future filings should be in the name of the substituted party.

**DISCUSSION**

This Court has jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Under 8 U.S.C. § 1231(a)(1), the Government has a 90-day period in which to remove a noncitizen after a removal order becomes final. If the Government is unable to effect removal within that 90-day period, continued detention becomes discretionary. *See* 8 U.S.C. § 1231(a)(6). Indefinite detention, however, is not permitted. *Zadvydas*, 533 U.S. at 689 ("In our view, the statute, read in light of the Constitution's demands, limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States. It does not permit indefinite detention."). In *Zadvydas*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." *Id.* at 699–700. If removal is not practically attainable, detention no longer serves its statutory purpose of 3 "assuring the alien's presence at the moment of removal." *Id.* at 699. The Court established a "presumptively reasonable period of detention" of six months "for the sake of uniform administration in the federal courts." *Id.* at 701. After this six-month period, if the noncitizen provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing. *Id.* If the Government cannot establish a significant likelihood of removal in the reasonably foreseeable future, continued detention is no longer authorized by statute. *Id.* at 699–700. In that case, the Government can continue to keep tabs on the noncitizen through reasonable conditions of supervision while it continues removal efforts.

Petitioner has been in custody since February 2025 and the six-month period for presumptively reasonable detention has expired. Petitioner plausibly alleges that there is no good

reason to believe that his removal is significantly likely in the reasonably foreseeable future. The burden therefore shifts to "respond with evidence sufficient to rebut that showing." *Zadvydas*, 533 U.S. at 701. Respondents have not attempted to meet that burden. *See* Doc. 6. The Court further finds that removal is particularly unlikely since the United States has not had diplomatic relations with Iran since 1980. Thus, under *Zadvydas*, Petitioner is entitled to release from the Respondents' custody. *Cf. Rodriguez-Fernandez v. Wilkinson*, 654 F.2d 1382, 1390 (10th Cir. 1981) ("[W]e hold that the burden is upon the government to show that the detention is still temporary pending expulsion, and not simply incarceration as an alternative to departure.").

**CONCLUSION**

It is hereby **ORDERED**:

1) The Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**;

2) Respondents shall release Petitioner within **48 hours** of this Order being entered;

3) Respondents shall facilitate Petitioner's transportation from the detention facility by providing all necessary identity and travel documents to return to his primary address;

4) Respondents **SHALL** file a notice of compliance within two business days of Petitioner's release. This notice must specify: (1) the date, (2) the time, and (3) the manner of departure (e.g., transport to a bus station, designated drop-off location, or other arrangements). Additionally, the notice must include (4) a description or copies of all discharge and travel documents provided to Petitioner at the time of release;

5) Respondents **SHALL NOT** remove Petitioner to any third country to which he does not have a removal order without first providing him with constitutionally compliant procedures;

6) Petitioner's motions for appointment of counsel and for leave to file supplemental authority are **DENIED** as moot.

7) The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order.

**IT IS SO ORDERED**.

_____

**SARAH M. DAVENPORT**
**UNITED STATES DISTRICT JUDGE**